17-938-cv
Puddu v. 6D Global Techs., Inc.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of August, two thousand eighteen.

PRESENT: PIERRE N. LEVAL,
GUIDO CALABRESI,
JOSÉ A. CABRANES,
*Circuit Judges*.

------------------------------------------------------------------

JOSEPH PUDDU, MARK GHITIS, VALERY BURLAK, ADAM BUTTER,

*Plaintiffs-Appellants*,

and                                      No. 17-938-cv

SIXTO CASTILLO, IV, Individually and on Behalf
of All Others Similarly Situated,

*Plaintiff,*

v.

1

6D GLOBAL TECHNOLOGIES, INC., TEJUNE KANG, MARK SZYNKOWSKI, TERRY MCEWEN,

*Defendants-Appellees,*

and

NEW YORK GLOBAL GROUP, INC., NYGG (ASIA), LTD., BENJAMIN TIANBING WEI, AKA BENJAMIN WEY, ADAM HARTUNG, DAVID S. KAUFMAN, ANUBHAV SAXENA, ADAM WARE, BRIAN WARNER, DAVID SLOVINA, GERARD CASAZZA, HILARY SMITH, JASON PORATH, KAT TOPAZ, MIKE TELATOVICH, TANDY HARRIS, RAY ROBINSON, TJ IACIOFANO, BEI LU, NAN LIU, DAINFU LU, ARNOLD STALOFF, SHUYUAN LIU, ZILI ZHAO, SEREF DOGAN ERBEK, TIANYI WEI, AKA SARA WEI, MICHAELA WEI, ROBERT NEWMAN, SHENG MA, FEGJUN SUN, NYG CAPITAL LLC,

*Defendants.*

------------------------------------------------------------------

FOR APPELLANTS:                     LAURENCE M. ROSEN, The Rosen Law Firm, P.A., New York, N.Y.

FOR APPELLEES:                      TOM M. FINI, Catafago Fini LLP, New York, N.Y.

Appeal from a March 6, 2017 judgment of the United States District Court

for the Southern District of New York (Robert W. Sweet, *Judge*).

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the March 6, 2017 judgment of the District Court is VACATED in part and the case is REMANDED for further proceedings.

Plaintiff-Appellants Joseph Puddu, Mark Ghitis, Valery Burlak, and Adam Butter ("Plaintiffs") appeal from the judgment of the United States District Court for the Southern District of New York dismissing their Second Amended Complaint (the "Complaint") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs, former shareholders of 6D Global Technologies ("6D"), brought claims on behalf of a putative class of all persons and entities who purchased the common stock of 6D from June 16, 2014 to September 10, 2015 or in a private placement taking place on September 29, 2014 and November 21, 2014. Defendant-Appellees are 6D and three of its officers and directors: CEO Tejune Kang, CFO Mark Szynkowski, and director Terry McEwen ("Defendants"). The Complaint alleges that Defendants committed securities fraud in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78t(a), and Rule 10b-5, 17 C.F.R. § 240.10b-5, by failing to disclose that Benjamin Wey, an indicted fraudulent manipulator of securities,

was a "beneficial owner" of 6D.[1] We assume the parties' familiarity with the

underlying facts, procedural history, and the issues on appeal.

We review a Rule 12(b)(6) dismissal *de novo*, "accepting all factual

allegations in the complaint and drawing all reasonable inferences in the

plaintiff's favor." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir.

2007). "To survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to state a claim for relief that is plausible on its

face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks

omitted). Securities fraud claims must also satisfy the pleading requirements of

Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform

Act, 15 U.S.C. § 78u-4(b) ("PLSRA"). *ATSI*, 493 F.3d at 99.

To state a claim under Section 10(b) and Rule 10b-5, "a plaintiff must allege

that the defendant (1) made misstatements or omissions of material fact, (2) with

scienter, (3) in connection with the purchase or sale of securities, (4) upon which

---

[1] The Complaint also alleges that Defendants committed securities fraud by failing to disclose, in 6D's bylaws, that Wey was 6D's "unofficial CEO." Joint Appendix ("App.") at 29. Plaintiffs do not appeal the District Court's dismissal of that claim.

the plaintiff relied, and (5) that the plaintiff's reliance was the proximate cause of its injury." *Id.* at 105. The District Court dismissed Plaintiffs' claims for failure to adequately plead a material misstatement or omission, scienter, and proximate cause. Because we hold that Plaintiffs adequately pled all three of these elements, we vacate the judgment (except as to Defendant McEwen, whose dismissal we affirm) and remand for further proceedings.

I.   Material Misstatement or Omission

The Complaint adequately alleges that Defendants made misstatements or omissions of material fact during the class period. The Complaint alleges that Wey, the CEO of the financial consulting firm New York Global Group ("NYGG") who in 2015 was indicted for securities fraud, exerted near-complete control over New York Global Group-Asia ("NYGG-Asia"), a Beijing-based firm that owned approximately 45% of the outstanding shares of 6D's common stock. Through his control over NYGG-Asia, the Complaint alleges, Wey "beneficially owned" more than 5% of the securities of 6D. SEC regulations define a "beneficial owner" as a person who "directly or indirectly, through any contract, arrangement, understanding, relationship, or otherwise has or shares" voting

power or investment power over a security. 17 C.F.R. § 240.13d-3(a). Issuers are required to disclose the beneficial owners of more than 5% of their securities. 17 C.F.R. § 229.403(a). Accordingly, the Complaint alleges, 6D was required, but failed, to disclose Wey's beneficial ownership of 45% of the common stock of 6D.

Defendants argue Wey's beneficial ownership of 6D was inadequately pled. We disagree. The Complaint contains numerous fact-based allegations which, taken together, plausibly allege that Wey exerted near-complete control over NYGG-Asia and that he was treated, by 6D executives, as a powerful shareholder of 6D. For example, the Complaint alleges that Kang told another 6D executive that Wey was "a shareholder" of 6D and that "he's got influence." App. at 30. The Complaint also alleges that, in a sworn affidavit submitted in connection with another litigation (the "Discover Litigation"), the principal of Discover Growth Fund ("Discover") testified that Kang and Szynkowski referred to NYGG-Asia and Wey interchangeably as the holder of 45% of 6D stock. The Complaint further alleges that in another sworn declaration submitted in the Discover Litigation, a Discover manager asserted that Kang introduced Wey as 6D's controlling stockholder saying, "basically, I work for him." *Id*. at 57. The

6

Complaint refers to, and incorporates by reference, a September 2015 SEC complaint against Wey, which alleges that Wey owned and controlled NYGG-Asia.

These allegations, taken together and accepted as true, permit the inference that Wey had the power to direct the voting and/or disposition (i.e., that he was a "beneficial owner") of NYGG-Asia's shares in 6D. The District Court, in concluding that the allegations were merely conclusory, failed—as required on a Rule 12(b)(6) motion to dismiss—to "draw[] all reasonable inferences in the plaintiff's favor." *ATSI*, 493 F.3d at 98. Properly construed on a 12(b)(6) motion, the Complaint plausibly alleges that Defendants failed to disclose Wey's beneficial ownership of 6D.

## II. Scienter

The Complaint also adequately alleges that Defendants acted with scienter. To adequately plead scienter under the PLSRA, a complaint must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2)(A). "The requisite scienter can be established by alleging facts to show either (1) that defendants had the motive

7

and opportunity to commit fraud, or (2) strong circumstantial evidence of conscious misbehavior or recklessness." *ECA v. JP Morgan Chase Co.*, 553 F.3d 187, 198 (2d Cir. 2009).

The Complaint alleges that Kang and Szynkowski, despite privately acknowledging Wey's influence over 6D, publicly denied Wey's involvement in the company. For example, the Complaint states that in December 2014, Kang instructed 6D executives not to mention Wey in emails, or if they had to, to use a code name. The Complaint alleges that Kang lied to the 6D Board of Directors about Wey's involvement in 6D. It alleges that Kang and Szynkowski, in sworn declarations submitted in the Discover Litigation, claimed that Wey was not a shareholder of 6D. The Complaint alleges that Szynkowski further swore that Wey was merely "an occasional unpaid consultant to 6D Global." App. at 74. Meanwhile, the Complaint alleges, Kang and Szynkowski privately referred to Wey and NYGG-Asia interchangeably as the 45% shareholder of 6D. These allegations, taken as true, strongly imply that Kang and Szynkowski intentionally concealed Wey's involvement in 6D. They allege "strong circumstantial evidence of conscious misbehavior or recklessness." *ECA*, 553 F.3d

8

at 198. Therefore, the Complaint adequately pled scienter as to Defendants Kang and Szynkowski.[2]

III.   Loss Causation

Finally, the Complaint adequately pleads loss causation. The Complaint's theory of causation is that once Wey's involvement in NYGG-Asia was revealed (on September 10, 2015, when an SEC complaint and DOJ indictment against Wey became public), NASDAQ halted trading of, and eventually delisted, 6D stock. When the stock resumed trading over the counter, its price fell rapidly, causing Plaintiffs' loss. The District Court rejected Plaintiffs' theory. It found that the alleged omission could not have caused the loss in value of 6D's stock, because the purported corrective disclosures—the DOJ indictment and SEC complaint—did not disclose that Wey controlled NYGG-Asia, much less that he was a beneficial owner of 6D.

We believe this was error. The September 10, 2015 SEC complaint alleged that Wey "ran" NYGG-Asia, and that the head of NYGG-Asia was Wey's sister's

---

[2] With respect to Defendant McEwen, the Complaint is devoid of factual allegations that could support a plausible inference of scienter. We therefore affirm the District Court's dismissal of the Complaint with respect to McEwen.

9

domestic partner, who "reported to Benjamin Wey." App. at 135. The SEC complaint further alleged that Wey had lied about his control over NYGG-Asia, falsely claiming in a letter to NASDAQ that NYGG and NYGG-Asia were "separately owned and operated." *Id.* at 134. The SEC complaint thus did allege that Wey exerted substantial control over NYGG-Asia, and Plaintiffs' Complaint alleges that this disclosure caused NASDAQ to halt trading in 6D's shares.

The District Court held that causation was inadequately pled, in part because 6D's stock price did not decline until six months after the release of the SEC complaint. This was error. 6D stock was not traded during those six months, pending 6D's appeal of the NASDAQ delisting. The Complaint alleges that once 6D trading resumed over the counter, its stock value declined from $2.90 to $0.21 over the course of four days. The District Court also held that causation was inadequately pled because the resignation of 6D's auditor, rather than the revelation of Wey's involvement in NYGG-Asia, may have caused 6D's delisting. We disagree. NASDAQ's delisting letter indicates that concerns over Wey's involvement in 6D substantially contributed to the delisting of 6D's stock, even if the auditor's resignation was the final straw.

10

We have considered Defendants' remaining arguments and conclude that they are without merit. The judgment of the District Court dismissing the Complaint is VACATED, except as to Defendant McEwen, as to whom the dismissal is AFFIRMED, and the case is REMANDED for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11